```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KENNETH REYNOLDS and ANGELINA
BOCCASINI,                                              MEMORANDUM & ORDER
                    Plaintiffs,                         17-CV-7590 (DRH)(GRB)
-against-

CAINE & WEINER COMPANY, INC.,

                    Defendant.
-------------------------------------------------------X
```

**APPEARANCES:**

**For Plaintiffs:**
BARSHAY SANDERS, PLLC
100 Garden City Plaza, suite 500
Garden City, NY 11530
By:   David M. Barshay, Esq.
      Jonathan M. Cader, Esq.

**For Defendant:**
FINEMAN KREKSTEIN & HARRIS, P.C.
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103-8719
By:   Richard J. Perr, Esq.


**HURLEY, Senior District Judge:**

Plaintiffs Kenneth Reynolds ("Reynolds") and Angelina Boccasini ("Boccasini") (collectively "Plaintiffs") commenced this action asserting that defendant Cain & Weiner Company, Inc. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Presently before the Court is Defendant's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion is granted.

## BACKGROUND

**I.     The Relevant Allegation of the Complaint**

The following allegations are taken from the complaint.

Plaintiffs are both consumers and Defendant is a debt collector as those terms are defined by the FDCPA. In its efforts to collect separate debts allegedly owed by Reynolds and Boccasini, Defendant contacted them by letters dated December 27, 2016 and May 26, 2017, respectively (the "Letters"). The Letters were the initial communication that Plaintiffs received from Defendant and are identical in all relevant material respects. They stated as follows:

> Your account had been listed with our company for collection. If paid in full to this office, all collection activity will be stopped. As required by law you are hereby notified that a negative credit report reflecting your credit score may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation. We will not submit this account to a credit reporting agency until the expiration of 60 days from the date of this notice.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a Judgment and mail you a copy of such Judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**II.    Plaintiffs' Theory of Liability**

According to Plaintiff, the foregoing violates section 1692g of the FDCPA because it would likely make the least sophisticated consumer uncertain as to her rights. Specifically, it would mislead such a consumer into believing that the only way to make Defendant stop its collection efforts and/or avoid a negative credit report is to pay the debt in full and therefore overshadows the validation rights under 15 U.S.C. § 1692g.  (Pls.' Opp. Mem. at 3.)

# DISCUSSSION

I. **Legal Standard– Motion to Dismiss**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at

556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## II. Relevant Statutory Provisions

### A. The FDCPA Generally

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors," *Sykes v. Mel S. Harris & Assoc. LLC*, 780 F.3d 70, 82 (2d Cir. 2015) (citing 15 U.S.C. § 1692(e)), "and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' " *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 89 (2d Cir. 2008). "These purposes inform the FDCPA's many provisions." *Id.* Because the FDCPA is " 'remedial in nature . . . its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.' " *Hart v. FCI Lender Serv., Inc.*, 797 F.3d 219, 225 (2d Cir. 2015) (quoting *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013).)

Whether a communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The purpose of this standard "is to ensure that the statute protects the gullible as well as the shrewd." *Jacobson*, 516 F.3d at 90. It is an objective test, that "preserve[s] the concept of reasonableness." *Id.* "The hypothetical least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A consumer who receives a communication that violates the FDCPA need

not show she was confused by the communication in order to prevail in her private cause of action. A plaintiff's burden is to demonstrate that the least sophisticated consumer would be confused. *Id.* at 91; *see Easterling v. Collecto. Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) ("By its very nature, . . . the least sophisticated consumers test pays no attention to the circumstances of the particular debtor in question.") "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view the language in a defendant's collection letter is a question of law." *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013); *see Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996) (finding that questions of whether language in collection notices violated 15 U.S.C. §§ 1692g and 1692e(10) presented "[o]nly legal issues").

    **B.**    **Section 1692g of the FDCPA**

The FDCPA imposes upon debt collectors the affirmative requirement of furnishing a "validation notice" to the debtor. 15 U.S.C. § 1692g. This written notice must include:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id*.

"After receiving a validation notice, the consumer has thirty days to mail a notice to the debt collector disputing the debt or requesting the name and address of the original debtor." *Ellis*,

591 F.3d at 134. "If the consumer notifies the debt collector in writing within the thirty-day period afforded by the Act, that she disputes the debt or any portion of the debt, the debt collector must 'cease collection.' . . . The debt collector may resume collection activities only when it has obtained verification of the debt, and has mailed a copy of the verification to the consumer." *Jacobson*, 516 F.3d at 89 (citing 15 U.S.C. § 1692g(b)). "However, the validation period 'is not a grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." *Ellis*, 591 F.3d at 135. "[V]alidation period collection activities and communications must not overshadow or contradict the validation notice. *Id*. (citing 15 U.S.C. § 1692g(b)).

"[A] debt collector violates § 1692g(a), even if the collector includes an accurate validation notice, if that notice is overshadowed or contradicted by other language in communications to the debtor." *Jacobson*, 516 F.3d at 90 (citing 15 U.S.C. ¶ 1692g(b) (as amended by the Financial Services Regulatory Relief Act of 2006, Pub. L. No. 109-351, ¶802(c)). "Simply including the mandated validation notice in a debt collection letter is not enough to ensure compliance with the FDCPA. The validation notice must be clearly conveyed." *Vetrano v. CBE Group, Inc.*, 2016 WL 4083384, *5 (E.D.N.Y. 1, 2016) (internal quotation marks omitted.) "If a communication "would make the least sophisticated consumer uncertain of her rights" it violates the proscription against overshadowing or contradicting. *Jacobson*, 516 F.3d at 90; *see Vetrano*, 2016 WL 4083384, *5.

"A request for immediate payment [does] not, standing alone, violate the FDCPA." *Savino*, 164 F.3d at 85-86; *see Jacobsen*, 516 F.3d at 92. A debt collector has the "right to demand payment, even within the thirty day period, unless the customer submits a notice of dispute." *Id*. at 89 n.4. Although demands for immediate payment "may cause confusion about

the right to dispute [a debt], and will sometimes in that way lead debt collectors to run afoul of the [FDCPA]," *id*. at 91, "only if the demand for payment obscures the right to dispute the debt within 30 days is an issue of overshadowing raised." *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 39 (E.D.N.Y. 2009).

### C. Plaintiff Has Not Stated a Claim for Relief

As noted earlier, Plaintiff asserts that the validation notice is overshadowed by the two statements which precede it, namely (1) "If paid in full to this office, all collection activity will be stopped;" and (2) "As required by law you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation." Plaintiff's argument is quite similar to one considered and rejected in *Belinchenko v. Gem Recovery Systems,* 2017 WL 6558499 (E.D.N.Y. Dec. 22, 2017).

In *Belinchenko*, the two statements at issue were "(1) "we will use any collection activity necessary to collect this debt due to our client" and (2) "Our policy is to report delinquent account information to Trans Union and Experian Credit Bureaus which may impair your client rating and your ability to obtain credit in the future." Judge Korman, in finding no overshadowing reasoned as follows:

> A collection letter that states "we will use any collection activity necessary to collect this debt due to our client" would not confuse the least sophisticated consumer about the right to dispute the debt or to seek verification of it. Indeed, comparable language has been found not to overshadow a letter's validation notice. In *Spira v. Ashwood Fin., Inc*., 358 F. Supp. 2d 150 (E.D.N.Y. 2005), the court held that a debt collector's follow-up letter did not overshadow the validation notice when it stated: "It is our intent to pursue collection of this debt through every means available to us.... You may either send your payment in full ... or you must call 1-800-851-5736 at once." *Id.* at 154, 159. The court explained that such language "merely advised Plaintiff that in the event that she did not pay the debt or dispute it, Defendant may avail itself of any of its legal options, which included sending more collection letters and instituting legal actions." *Id*. at 159. If anything, the statement at issue here is less likely than the one in *Spira* to confuse the consumer, as it does not explicitly direct the consumer to make a

> payment or take any action at all. "[L]anguage that 'in no way demands immediate payment of [the plaintiff's] past due debt, or threatens adverse consequences in the event the debt is not paid within 30 days' does not violate the FDCPA." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356 (SJF)(ARL), 2016 WL 6069180, at *5 (E.D.N.Y. Oct. 17, 2016) (quoting *Rumpler v. Phillips & Cohen Assocs., Ltd.*, 219 F. Supp. 2d 251, 259 (E.D.N.Y. 2002)).
>
> The second alleged statement—"Our policy is to report delinquent account information to Trans Union and Experian Credit Bureaus which may impair your client rating and your ability to obtain credit in the future."—also does not overshadow the letter's validation notice. At no point does it suggest to Belichenko that she "must take action within any time frame that contradicts the statutory thirty-day period," *Sebrow v. ER Solutions, Inc.*, No. 07-CV-5016(ARR)(VPP), 2009 WL 136026, at *5 (E.D.N.Y. Jan. 20, 2009). And "nothing in the FDCPA prevents a debt collector that has not received a request for validation or other reply from a consumer from continuing to attempt to collect the debt during the 30 day validation period, provided that, in so doing, it does not create the impression that the consumer has less than 30 days in which to dispute the debt." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 664 (S.D.N.Y. 2006) (quoting *Orenbuch v. Comput. Credit, Inc.,* No. 01 Civ.9338 JSM, 2002 WL 1918222, at *2 (S.D.N.Y. Aug. 19, 2002)). The statement here would not confuse the least sophisticated consumer about his or her rights under § 1692g, which are properly spelled out in the letter's final paragraph and appear on the same page in the same size and typeface as the allegedly overshadowing language. *See Spira*, 358 F. Supp. 2d at 157.

2017 WL 6558499 at *3,4.

Here, the statement that "If paid in full to this office, all collection activity will be stopped" does not overshadow the validation notice. The language neither demands immediate payment nor threatens adverse consequences if the debt is not paid within thirty days. *See Rumpler v. Phillips & Cohen Assocs., Ltd.*, 219 F. Supp. 2d 251 (E.D.N.Y. 2002); *Kolganov v. Phillips & Cohen Assoc.*, 2004 WL 958028 (E.D.N.Y. Apr. 8, 2004). Moreover, the Letter properly spells out the rights under section 1692g and those rights "appear on the same page in the same size and typeface as the allegedly overshadowing language." *Belinchenko*, 2017 WL at *3.

As in *Belinchenko*, the second statement regarding notification to credit reporting agencies does not suggest that the alleged debtor "must take action within a time frame that contradicts the thirty day validation period.." *Belinchenko*, 2017 WL at *4.

Considering the entire text of the Letter at issue and the relevant case law, the challenged language in this case, neither separately nor considered together, would not imply to the least sophisticated consumer that "he must take action within any time frame that contradicts the statutory thirty-day period." *Belinchenko*, 2017 WL at *4 (quoting ," *Sebrow v. ER Solutions, Inc.*, 2009 WL 136026, at *5 (E.D.N.Y. Jan. 20, 2009)).

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted.

**SO ORDERED.**

Dated: Central Islip, New York        s/ Denis R. Hurley
     November 13, 2018                         Denis R. Hurley
                                                      United States District Judge